UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEAN AZOR EL,

                      Plaintiff,

           -v-　　　　　　　　　　　　　　　　　　20 Civ. 10857 (PAE)

ANTHONY SALOV, Harrison P.D.; ROBERT　　　　ORDER OF SERVICE
FORGIONE, Harrison P.D.; RICHARD
DIDONATAO, NYPD 26TH P.C.T.; DARWIN
MARRERO, NYPD 26TH P.C.T,

                      Defendants.

---

PAUL A. ENGELMAYER, United States District Judge:

      Plaintiff Jean Azor El, currently held in the North Infirmary Command on Rikers Island, brings this *pro se* action alleging that the defendants violated his federal constitutional rights. He sues members of the Harrison Police Department (Defendants Salov and Forgione) and members of the New York City Police Department (Defendants Didonato and Marrero). Azor El seeks damages and asks the Court to stay his ongoing state-court criminal proceeding. The Court construes Azor El's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. By order dated March 3, 2021, the Court granted Azor El's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

      For the reasons that follow, the Court dismisses Azor El's claims for injunctive relief. The Court directs service on defendants.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## I.    Applicable Legal Principles

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).

## II.    Discussion

### A.    Claims for Injunctive Relief

Azor El asks this Court to issue a "reparative injunction and stay" his pending state-court criminal proceeding. Dkt. 2 at 11. But the Court must dismiss those claims for relief. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Azor El has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding and dismisses, under the *Younger* abstention doctrine, Azor El's claims for injunctive relief.

B.     **Service on the defendants**

Because Azor El has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Azor El is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses be issued for the defendants.  The Court therefore extends the time to serve the defendants with the Complaint until 90 days after the date that summonses are issued for the defendants.  If the Complaint is not served on the defendants within that time, Azor El should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Azor El to effect service of the complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process

Receipt and Return forms ("USM-285 form") for the defendants. The Clerk of Court is further instructed to issue summonses for the defendants, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the complaint upon the defendants.

Azor El must notify the Court in writing if his address changes, and the Court may dismiss the action if Azor El fails to do so.

## CONCLUSION

The Court dismisses Azor El's claims for injunctive relief. The Court respectfully directs the Clerk of Court to mail a copy of this order to Azor El, together with an information package.

The Court also directs the Clerk of Court to: (1) issue summonses for defendants Salov, Forgione, Didonato, and Marrero, (2) complete USM-285 forms with the service addresses for defendants Salov, Forgione, Didonato, and Marrero, and (3) deliver all documents necessary to effect service of summonses and the complaint, Dkt. 2, on the defendants Salov, Forgione, Didonato, and Marrero to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to mail a copy of this order to Azor El.

SO ORDERED.

Dated:   March 9, 2021
         New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Anthony Salov
   Harrison Police Department
   650 North Street
   Harrison, New York 10528

2. Robert Forgione
   Harrison Police Department
   650 North Street
   Harrison, New York 10528

3. Richard Didonato
   New York City Police Department
   26th Precinct
   520 West 126th Street
   New York, New York 10027-2406

4. Darwin Marrero
   New York City Police Department
   26th Precinct
   520 West 126th Street
   New York, New York 10027-2406